FILED
7/29/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

AO 91 (Rev. 11/11) Criminal Complaint AUSA Jessica R. Ecker (312) 613-5200

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MATTHEW FARIS | CASE NUMBER: 26CR412 |

**CRIMINAL COMPLAINT**

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about July 28, 2026, at O'Hare International Airport, in the Northern District of Illinois, Eastern Division, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| Title 18, United States Code, Sections 2252A(a)(5)(B) and (b)(2) | knowingly possessed material, namely an Apple iPhone 14, serial number GQ1G723D3H, IMEI 35 679545 291266 5 mobile device, that contained an image of child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), involving a prepubescent minor who has not attained 12 years of age |

This criminal complaint is based upon these facts:

_X_ Continued on the attached sheet.

/s/ Tyler Eding (MDW w/ permission)

Tyler Eding
Special Agent, Homeland Security Investigations

Pursuant to Fed. R. Crim. P. 4.1, this Complaint is presented by reliable electronic means. The above-named agent provided a sworn statement attesting to the truth of the Complaint and Affidavit by telephone.

Date: July 29, 2026

M. David Weisman
*Judge's signature*

City and state: Chicago, Illinois

M. DAVID WEISMAN, U.S. Magistrate Judge
*Printed name and title*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

**AFFIDAVIT**

I, Tyler Eding, being duly sworn, state as follows:

1. I am a Special Agent with the Department of Homeland Security's Homeland Security Investigations ("HSI"), and have been so employed for approximately two years. My current responsibilities include the investigation of child exploitation and child pornography.

2. This affidavit is submitted in support of a criminal complaint alleging that Matthew Faris ("FARIS") knowingly possessed child pornography, in violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and (b)(2). Because this affidavit is being submitted for the limited purpose of establishing probable cause in support of a criminal complaint charging FARIS with knowingly possessing material that contained child pornography of a prepubescent minor, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that the defendant committed the offense alleged in the complaint.

3. This affidavit is based on my personal knowledge, information provided to me by other law enforcement agents, and from persons with knowledge regarding relevant facts, including FARIS.

## I. FACTS SUPPORTING PROBABLE CAUSE

4. As detailed below, on July 27, 2026, FARIS arrived at O'Hare International Airport in Chicago, Illinois on an international flight from the United Kingdom. After FARIS disembarked the plane, U.S. Customs and Border Protection ("CBP") stopped FARIS, conducted a border search, and manually reviewed FARIS's mobile phone (the Subject Phone), which was in his possession.[1] Officers reviewed the Subject Phone's "Photos" application and identified images and videos that constitute child pornography.

### A. CBP Border Search Authority

5. I know that, pursuant to Title 19, United States Code, Section 1401(i), CBP Officers and HSI Special Agents are "Customs Officers." As Customs Officers, they have the authority to conduct border searches at the border pursuant to, among other provisions, Title 19, Code of Federal Regulation, Section 162.6, and Title 19, United States Code, Sections 1401, 1461, 1582 and 1589a.

6. I know from my training and experience that the border may include the actual border, the functional equivalent of the border, or the extended border. A functional equivalent of the border includes the O'Hare Internal Airport customs inspection area in O'Hare's International terminal.

7. The authority to conduct border searches extends to people and merchandise entering and exiting the United States. All travelers crossing the United

[1] According to a CBP official, FARIS possessed and claimed sole ownership of the Subject Phone, an Apple iPhone 14 cell phone, which bears serial number GQ1G723D3H, IMEI 35 679545 291266 5, and phone number (XXX)-XXX-0433.

States border are subject to routine inspection by CBP, including their mobile phones and baggage, consistent with the border search exception doctrine.

**B. Border Search of FARIS's Cell Phone**

8. According to CBP flight manifest data, on or about July 27, 2026, FARIS arrived at Chicago O'Hare International Airport following a flight from the United Kingdom. According to CBP officers, CBP and HSI identified FARIS through an unrelated international child sex trafficking investigation involving individuals, including FARIS, using social media platforms to communicate about, purchase, and consume live streams of children engaged in sexually explicit conduct. Based on this information, CBP officers directed FARIS to a secondary customs inspection after he passed through primary passport control.

9. At the secondary customs inspection, CBP officers initiated a border search pursuant to its authority under Title 19 of the United States Code, including Sections 1401(i), 1461 and 1582, and Title 19, C.F.R., Section 162.6.

10. According to the inspecting CBP officers at the secondary customs inspection, FARIS verbally claimed ownership of an Apple iPhone 14 cell phone (the Subject Phone) and other property in his possession.

11. According to inspecting CBP officers, the officers provided FARIS with a tear sheet titled "Inspection of Electronic Devices," which explains information including "Why You May Be Chosen for an Inspection," "Authority to Search," "What Happens Now?," "Return or Seizure of Detained Electronic Device(s)," and "Privacy and Civil Liberties Protection." According to the inspecting CBP officers, FARIS then

unlocked the Subject Phone and provided the Subject Phone's passcode orally to the CBP officers. According to CBP officers, CBP officers conducted a manual (*i.e.* routine) search of the Subject Phone and observed files consistent with child pornography in the "Photos" application of the Subject Phone. CBP officers then contacted HSI special agents and provided them, including the Affiant, with the Subject Phone.

12. According to HSI special agents, including the Affiant, special agents conducted a manual (*i.e.*, routine) search of the Subject Phone on July 27, 2026. During the search, special agents observed multiple photos and videos of prepubescent male children that, in my training and experience, constitute child pornography as defined in Title 18, United States Code, Section 2256(8)(A). Specifically, according to HSI special agents, including the Affiant, special agents examined the "Photos" application in the Subject Phone and observed the following files:

a. An approximately 30-second-long video, entitled C94580AA-7E9C-4818-8E51-F907C82B3298, depicting two nude postpubescent females with a nude prepubescent male. The prepubescent male is lying on his back. One female bends over and places her mouth on the prepubescent male's penis and repeatedly moved her mouth on the penis.

b. An approximately 29-second-long video, entitled 240493A6-B289-4E1A-BE2E-164D5E3FF805, depicting a nude postpubescent female and a nude prepubescent male. The prepubescent male is lying on his back. The female lowers herself to place her genitals against the penis of the prepubescent male. The female

spreads her genitals as she rubs her genitals against the prepubescent male's genitals.

c. An approximately 1 minute, 8-second-long video, entitled 6A45E754-0A28-4909-930A-7F77E0E7348F, depicting a nude prepubescent male and a postpubescent female wearing only underwear covering her genitals and buttocks. The prepubescent male is standing on a bed while the female is lying on her side on the bed. The female puts her mouth on the prepubescent male's penis and repeatedly moves the penis in and out of her mouth. The female then moves to a kneeling position on the bed, facing away from the camera. The female then moves her buttocks and uses her hands to spread her buttocks as the prepubescent male touches her buttocks. The female then removes her underwear, positions the prepubescent male so that he is lying on his back, and lowers her genitals onto the prepubescent male's penis.

d. An image, entitled IMG_1174, depicting a female of unknown age placing her mouth on a prepubescent male's penis. The male has his underwear around his knees and appears to be nude from his knees to the upper chest area.

**C. Post-Arrest Interview of Faris**

13. According to HSI special agents, the special agents brought FARIS to an interview room located within the customs inspection area for further questioning. According to HSI special agents, the special agents provided FARIS with a written *Miranda* waiver. A HSI special agent read the *Miranda* waiver to FARIS. FARIS

reviewed and signed the *Miranda* waiver. According to the special agents, FARIS made the following material admissions in substance:

a. FARIS resides in Chicago, Illinois.

b. FARIS is the sole owner and exclusive user of the Subject Phone.

c. Over the last two years, FARIS has received what he understood to be child pornography from several different online accounts, although he claimed that he did not request child pornography material from those accounts, and he did not intentionally save any child pornography material on the Subject Phone.

d. Through the "Facebook Messenger" application, FARIS regularly communicates with an adult female (Individual A) who resides outside of the United States. Individual A, in exchange for money, has sent FARIS sexually explicit images and videos of herself, as well as two females within Individual A's care, custody, or control, at least one of whom FARIS believed to be approximately 10 years old.

e. According to FARIS, he possesses an Astro tablet at his residence in Chicago, Illinois. According to FARIS, that device contains child pornography, but he is unsure of the quantity of images on the device.

f. According to FARIS, he has not engaged in conversation with or met the prepubescent individuals depicted in the videos and images on the Subject Phone.

g. According to FARIS, he has previously deleted images and videos that he believed to be child pornography, in part because he was aware that the possession of the material was illegal.

14. According to HSI special agents, the interview room was equipped with audio and video recording. I do not yet have a copy from that recording equipment.

15. According to HSI special agents, based on FARIS's admissions and the basic border search of the Subject Phone, which identified child pornography, in violation of federal law, HSI is completing an advanced search of the Subject Phone.

## II. CONCLUSION

16. Based on the above information, there is probable cause to believe that FARIS knowingly possessed material, namely, an Apple iPhone 14 cell phone, which bears serial number GQ1G723D3H, IMEI 35 679545 291266 5, containing an image of child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), involving a prepubescent minor who has not attained 12 years of age, such image having been mailed, shipped, and transported using any means and facility of interstate and foreign commerce, including by computer, and such image having been produced using materials that have been mailed, shipped, and transported in and

affecting interstate and foreign commerce by any means, including computer, in violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and (b)(2).

FURTHER AFFIANT SAYETH NOT.
/s/ Tyler Eding (MDW w/ permission)

Tyler Eding
Special Agent
Homeland Security Investigations

SWORN TO AND AFFIRMED by telephone July 29, 2026.

Honorable M. DAVID WEISMAN
United States Magistrate Judge